IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JAMES E. MCWILLIAMS, #62006**                                **PLAINTIFF**

**versus**                                **CIVIL ACTION NO. 5:05cv175DCB-JCS**

**CORRECTIONS CORPORATION OF AMERICA, et al.**            **DEFENDANTS**

### ORDER DENYING *IN FORMA PAUPERIS* STATUS AND REQUIRING PLAINTIFF TO PAY FILING FEE

There came on for consideration by the Court in the captioned cause the plaintiff's application to proceed in forma pauperis (i.f.p.) in this civil action. The plaintiff, an inmate currently incarcerated in the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this action pursuant to 42 U.S.C. § 1983 on September 23, 2005. The named defendants are: Wilkinson County Correctional Facility and Medical; Corrections Corporation of America; Mississippi Department of Corrections; and Wilkinson County Sheriff's Department.

The Court finds that plaintiff's application to proceed i.f.p. includes statements of his assets, of his inability to prepay fees, of the nature of the action, and of his belief that he is entitled to redress. It has come to the attention of the Court that plaintiff has on not less than three occasions, while incarcerated, brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Thus, for the reasons stated below, plaintiff's in forma pauperis application should be denied pursuant to 28 U.S.C. § 1915(g).

DISCUSSION

The Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA"),

modified the requirements for proceeding in forma pauperis in federal courts. Pursuant to the PLRA, a prisoner's privilege to proceed i.f.p. is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[1] The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA.  Adepegba v. Hammons, 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure.  Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee.  This requirement is neither novel or penal.  It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else. *Id.* at 386-87.

Plaintiff McWilliams has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2]  Therefore, denial of the plaintiff's i.f.p.

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] *McWilliams v. James Kitchen, et al.,* No. 2:96cv165PG (S.D. Miss. Oct. 22, 1996), plaintiff's cause was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915.

(continued...)

privilege is appropriate. *Id.* at 387.

Furthermore, the Court finds that plaintiff's allegations fail to meet the exception provision of 28 U.S.C. § 1915(g), "imminent danger of serious physical injury." Addressing the exception provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statue leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001)). The plaintiff alleges that he has been sexually assaulted by other inmates during his sleep. The plaintiff claims that the last assault occurred in May of 2005.[3]

The Court finds plaintiff's allegations insufficient to meet the threshold requirement of imminent danger of serious physical injury. See Edmond v. Texas Dep't of Corrections, et al., No. 97-10819, 97-11170, 97-11202 (5th Cir. Oct. 7, 1998)(unpublished)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to

---

[2](...continued)
   *McWilliams v. Hattiesburg Police Department*, No. 2:96cv119PG (S.D. Miss. Oct. 22, 1996), the plaintiff's case was dismissed as frivolous pursuant to 28 U.S.C. § 1915.
   *McWilliams v. April Guess Jarrell*, No. 2:96cv149PG (S.D. Miss. Mar. 25, 1997), plaintiff's cause was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915.

[3]The plaintiff was ordered to file an amended complaint to clarify the dates of the alleged sexual assaults. The plaintiff filed his amended complaint on October 7, 2005.

satisfy the § 1915(g) exception); Humphrey v. Lopez, No. 5:04-cv-94, 2004 WL 980512, at * 2 (N.D.Tex. May 6, 2004)(allegations of delay in medical care due to racial discrimination fail to establish imminent danger of serious physical injury); Bankhead v. King, No. 03-142, 2003 WL 21529822, at *3 (N.D.Tex. July 7, 2003)(allegations that prison guards used excessive force when removing plaintiff from his cell, failed to protect him, harassed him, and conspired against him, and that these actions were in part racially motivated failed to establish imminent danger of serious physical injury); Cain v. Shilling, No. 799-CV-898, 2001 WL 515263, *2 (W.D. Va. Mar. 14, 2001)(imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary); Ford v. Foti, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001)(allegations of missed appointment for circumcision and prison doctors failure to treat him progressively for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); Gallagher v. McGinnis, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury); Carson v. TDCJ-ID, No. 2:98-CV-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998)(allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)).  In sum, the plaintiff's complaint fails to establish that he was under imminent danger of serious physical injury at the time of filing this complaint. Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998); Choyce v. Domiguez, 160 F.3d 1068 (5th Cir. 1998).

      **IT IS THEREFORE ORDERED AND ADJUDGED,** that plaintiff's motion to proceed

in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED,** that plaintiff is granted thirty (30) days from the date of this order, to pay to the Clerk of Court the requisite filing fee of $250.00.

**Plaintiff is warned that his failure to pay the filing fee within thirty days will result in the dismissal of this case, without further written notice to the plaintiff.** In addition, the plaintiff is reminded of his obligation to keep this Court informed of his current address.

**SO ORDERED AND ADJUDGED,** this the  20 th  day of December, 2005.


                                  s/ David Bramlette
                                  UNITED STATES DISTRICT JUDGE